















VLS    7/11/02    14:24

3:01-CV-00645   RABER V. USA

*18*

*STIPO.*

ORIGINAL



1 | PATRICK K. O'TOOLE
United States Attorney
2 | JOHN B. SCHERLING
Assistant U.S. Attorney
3 | California State Bar No. 122234
KENNETH J. IAN
4 | Special Assistant U.S. Attorney
28 U.S.C. § 543
5 | Office of the United States Attorney
880 Front Street, Room 6293
6 | San Diego, California 92101-8893
Telephone:  (619) 557-5662
7
Attorneys for Defendant
8

9                     UNITED STATES DISTRICT COURT

10                   SOUTHERN DISTRICT OF CALIFORNIA

11 | KIMBERLY L. RABER,          )    Case No.  01cv0645-JM(POR)
                                )
12 |              Plaintiff,     )
                                )
13 |       v.                    )    STIPULATION FOR COMPROMISE
                                )    SETTLEMENT AND ORDER
14 | UNITED STATES OF AMERICA,   )    DISMISSING ACTION
                                )    [Fed. R. Civ. P. 41(a)(2)]
15 |              Defendant.     )
                                )
16 | _____)

17        IT HEREBY IS STIPULATED by and between defendant United

18   States of America ("defendant") and plaintiff Kimberly L. Raber

19   ("plaintiff"), and through her attorneys, N. Denise Asher, Esq.,

20   Strauss & Asher, that this action be settled and compromised in

21   accordance with the following terms:

22        1.   Defendant will pay to plaintiff the total sum of

23   $91,500.00.  Plaintiff agrees that this payment is in full and

24   final settlement and satisfaction of any and all claims that

25   plaintiff may have or hereafter may acquire against the United

26   States or any of the United States' agencies, employees or agents

27   arising out of the circumstances alleged in the Complaint filed in

28   this action.

ENTERED ON 7-11-02

2.    The Complaint filed in this case and the action shall be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

3.    This instrument constitutes a compromise settlement of disputed claims and demands, and does not constitute any admission of liability or fault on the part of the United States or any of the United States' agencies, employees or agents in reference to the events alleged in the complaint or otherwise.

4.    Plaintiff will accept the $91,500.00 set forth in Paragraph 1 of this instrument in full and final satisfaction of any and all claims and demands that plaintiff or plaintiff's children, estates, heirs, successors or assigns may now have or hereafter may acquire as a result of the incidents described in the Complaint, and the losses and injuries alleged therein to have occurred to plaintiff by act or operation of law, including any claims for unforeseen personal injuries or future claims against the United States or any of the United States' agencies, employees or agents, individually and/or in their official capacities.

5.    With respect to the United States and any of the United States' agencies, employees or agents, individually and/or in their official capacities, this instrument shall constitute a complete release from and bar to any and all causes of action, claims, rights, liens or subrogated interests, known or unknown to plaintiff, and in whomsoever vested, by reason of or arising from the circumstances described in the Complaint, and plaintiff agrees to indemnify, defend and save harmless the United States and/or the United States' agencies, employees or agents, individually and/or in their official capacities, from such causes of action, liens, rights or subrogated interests.

01cv0645

6.   Plaintiff represents and warrants that she is the sole and lawful owner of her right, title and interest in and to every claim and other matter which she purports to release herein, and that she has not heretofore assigned or transferred, or purported or attempted to assign or transfer, to any person or entity any claims or other matters herein released.   Plaintiff shall indemnify the United States and the United States' agencies and employees, individually and in their official capacities, against, and defend and hold harmless from, any claims arising out of or relating to any such assignment or transfer, or any such purported or attempted assignment or transfer, of any claims or other matters released or assigned herein.

7.   As to all claims, demands, causes of action and liabilities released herein, plaintiff expressly waives to the fullest extent permissible under law, any and all rights under Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The provisions of all comparable, equivalent or similar statutes and principles of common law of California, of the other states of the United States, and of the United States also hereby expressly are waived to the same extent.

8.   In connection with such waiver and relinquishment, plaintiff acknowledges that she is aware that she hereafter may discover claims presently unknown or unsuspected, or facts in addition to or different from those that she now knows or believes

01cv0645

to be true, with respect to the matters released herein. Nevertheless, it is the intention of plaintiff through this release, and with the advice of counsel, fully, finally and forever to settle and release all such matters, and all claims relative thereto, which heretofore have existed, now exist, or hereafter may exist between plaintiff and the United States or any of the United States' agencies, employees and agents. In furtherance of such intention, this release shall be and remain in effect as a full and complete release of such matters notwithstanding the discovery or existence of any such additional or different claims or facts relating thereto.

9. Defendant shall issue a single check in the amount of $91,500.00 payable to STRAUSS & ASHER CLIENT TRUST ACCOUNT pursuant to this agreement. Attorney's fees of not more than twenty-five percent of the total settlement sum of $91,500 payable under this agreement may be paid to plaintiff's attorneys of record, N. Denise Asher and Strauss & Asher, which fee shall be paid out of and not in addition to the total settlement sum. 28 U.S.C. § 2678.

10. Plaintiff agrees to satisfy all outstanding or future bills or liens which have been asserted, or which may be asserted in the future, in connection with treatment or compensation for any and all injuries arising from the subject matter of the instant lawsuit and agrees to hold the United States and the United States' agencies, employees and agents harmless from the assertion of any such bills or liens.

11. Notwithstanding the entry of a dismissal herein, the parties hereby stipulate that the District Court shall maintain

1 jurisdiction to enforce the terms of this compromise settlement.

2 Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375

3 (1994).

4      12.  The case hereby is dismissed with prejudice in its

5 entirety and, upon approval of the Court as provided below, the

6 Clerk of the Court shall enter this dismissal and release in the

7 official docket.  The parties shall bear their own costs, fees and

8 expenses.

9      13. Plaintiff acknowledges that she has read this

10 Stipulation, that she fully understands her rights, privileges and

11 duties under this Stipulation and that she enters this Stipulation

12 freely and voluntarily.  Further, plaintiff acknowledges that she

13 has had adequate time to consult with counsel, who has explained

14 and discussed the terms and consequences of this Stipulation.

15      14.  The undersigned each acknowledge and represent that no

16 promise or representation not contained in this Stipulation has

17 //

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

01cv0645

1  been made to them and further acknowledge and represent that this

2  Stipulation contains the entire agreement between the parties.

3

4  DATED: 6/24/02                    _Kimberly Raber._
                                     KIMBERLY RABER
5                                    Plaintiff

6

7  DATED: 6-25-02                    _____
                                     N. DENISE ASHER
8                                    STRAUSS & ASHER
9                                    Attorneys for Plaintiff

10

11 DATED: 7/3/02                     PATRICK K. O'TOOLE
                                     United States Attorney
12

13

14                                   _John B. Scherling_
                                     JOHN B. SCHERLING
                                     Assistant U.S. Attorney
15                                   KENNETH J. IAN
                                     Special Assistant U.S. Attorney
16                                   Attorneys for Defendant

17

18              **ORDER DISMISSING ACTION**

19      Pursuant to the stipulations of the parties recited above,

20  IT HEREBY IS ORDERED THAT:

21      1.   The action is dismissed in its entirety, with prejudice;

22      2.   Each party shall bear its own fees, expenses and costs

23  of suit.

24

25  DATED:   7/10/02

26                                   _Jeffrey T. Miller_
                                     JEFFREY T. MILLER
27                                   Judge of the District Court

28

                        6                      01cv0645